21 F.3d 423
 73 A.F.T.R.2d 94-1649
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luigi LITTERIO; Mary Ann Litterio, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-1337.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1994.
Decided April 1, 1994.
 
 Appeal from the United States Tax Court. (T. Ct.)
 David B. Lamb, Law Offices of David B. Lamb, Washington, DC, for appellants.
 Andrea R. Tebbets, Tax Division, United States Department of Justice, Washington, DC, for appellee.
 Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen, Ann B. Durney, Tax Division, United States Department of Justice, Washington, DC, for appellee.
 U.S.T.C.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case involves a 1990 audit by the Internal Revenue Service ("IRS") of Luigi and Mary Ann Litterios' ("Taxpayers") joint tax returns for 1985, 1986 and 1987. After the audit, the IRS disallowed the bad debt deductions claimed by the taxpayers and imposed additions to tax under I.R.C. Sec. 6653 for the three years based on a determination that the taxpayers negligently or intentionally disregarded tax rules and regulations.
 
 
 2
 On petition to the United States Tax Court, the taxpayers were allowed to take a business bad debt loss in 1986 for the cash advances to N. Litterio, but not for the loans to Maryland Masonry or for the bad debts during the other two years. The taxpayers were also ordered to pay penalties and interest. On appeal, the taxpayers claim the Tax Court erred in concluding that they were ineligible for a bad debt deduction for the loans to Maryland Masonry in 1986 and in sustaining penalties assessed against them under I.R.C.Sec. 6653, and that it abused its discretion by denying taxpayers' motion for continuance of trial.
 
 
 3
 Our review of the record and the Tax Court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the Tax Court. Litterio v. Commissioner of Internal Revenue, No. 11581-90 (T.C. September 8, 1992).
 
 AFFIRMED